[660 NYS2d 591]

In the Matter of JOEL P. KASTEIN, an Attorney, Resignor.

Second Department, August 4, 1997

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.*, Syosset, for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Joel P. Kastein has submitted an affidavit dated May 7, 1997, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Kastein was admitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department on October 14, 1964. By opinion and order of this Court dated June 2, 1986, Mr. Kastein was disbarred *(Matter of Kastein,* 117 AD2d 407). He

was subsequently reinstated to practice by order of the Court dated April 20, 1994.

Mr. Kastein acknowledges that he is presently the subject of three pending complaints, including *sua sponte* complaints based upon his failure to reregister with the Office of Court Administration and reports of eight dishonored checks totalling over $950,000, as well as a complaint that the respondent and his son, Andrew, issued a $121,566.34 check against Andrew's mortgage closing account, which was drawn against insufficient funds. Mr. Kastein admittedly issued multiple checks against his escrow account, which left that account withdrawn in the total amount of $214,935 on February 20, 1997.

Mr. Kastein concedes that he would be unable to successfully defend himself on the merits against any disciplinary charges initiated against him based upon the facts and circumstances set forth in his resignation.

Mr. Kastein is aware that pursuant to Judiciary Law § 90 (6-a), his resignation is submitted subject to any application which may be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution to any person whose money or property he misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. He acknowledges the continuing jurisdiction of the Court to make such an order.

Mr. Kastein avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress by anyone. He has discussed his decision to resign with his attorney and others whose advice he respects and is fully aware of the consequences of submitting a resignation, including the fact that he is barred from seeking reinstatement for a minimum of seven years.

Inasmuch as the proffered resignation conforms with the Court rules, the resignation of Joel P. Kastein as an attorney and counselor-at-law is accepted and directed to be filed. Accordingly, Joel P. Kastein is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately, subject to any future applications by the Grievance Committee for the Tenth Judicial District for orders directing that he make restitution to any client and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a).

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and FLORIO, JJ., concur.

Ordered that the resignation of Joel P. Kastein is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law §90, effective immediately, Joel P. Kastein is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joel P. Kastein shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joel P. Kastein is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.